IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SCOTT A. STANLEY,

    Plaintiff,

vs.                                                   4:07CV240-RH/AK

BILL REAMS, et al,

    Defendants .

_____/

**O R D E R**

This cause is before the court upon Plaintiff's filing of a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and an application for leave to proceed *in forma pauperis* (IFP). (Doc. 2). Leave to so proceed has been granted in a separate order. (Doc. 3).

From a review of the complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted. Consequently, the Clerk will mail to him another civil rights complaint that Plaintiff must complete in its entirety. He does not need to file any service copies of the complaint at this time.

Plaintiff alleges that he was incarcerated at the Jefferson County Jail in January 2007, awaiting a hearing, when he was subjected to threats, denial of privileges, and loss of his legal materials, which resulted in some type of adverse ruling at the hearing.

More facts need to be provided about the nature of this hearing and the ruling against him and how it relates to his loss of legal material.  If Plaintiff had an attorney for these proceedings, then loss of his materials would not likely state a claim for relief because of denial of his right to access the courts.

The First Amendment prohibits prison officials from interfering with a prisoner's right of access to the court.  Johnson v. Avery, 393 U.S. 483, 89 S. Ct. 747, 21 L. Ed. 2d 718 (1969) (in context of habeas petitions); Wolff v. McDonnell, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974) (extending right to civil rights suits).  The right of access must be "adequate, effective and meaningful," which requires prisons to assist inmates in the preparation and filing of legal papers by providing adequate law libraries or adequate assistance from persons trained in the law.  Bounds v. Smith, 430 U.S. 817, 822, 828, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977).  This right is limited to challenges to the length or conditions of confinement, however.  Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996).  Further, in order to state a claim for denial of access to the courts, a plaintiff must plead and prove prejudice or an "actual injury" stemming from the alleged interference.  Id., p. 351.  There is no actual injury within the meaning of Lewis when a pre-trial detainee is represented by counsel.  Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998).  Examples of actual injury as described in Lewis are missing deadlines or being prevented from filing claims in civil rights actions, and direct or collateral attacks on convictions.  Lewis, supra, at 348.  Thus, if Plaintiff wishes to amend his complaint he should provide more details about this claim and the injuries he alleges resulted from the actions of the defendants.

Plaintiff alleges he was in the Jefferson County Jail for 31 days and denied outdoor recreation, regular showers, books, supplies, telephone privileges and visitation.  The Eighth Amendment requires only that prisoners be provided adequate food, clothing, and sanitation.  Rhodes v. Chapman, 452 U.S. 337 (1981).  There is no constitutional "right" to privileges.  See Newman v. Alabama, 559 F.2d 283 (5th Cir. 1977), *rev'd in part on other grounds sub nom;* Alabama v. Pugh, 438 US 781 (1977); Caraball-Sandoval v. Honsted, 35 F.3d 521 (11th Cir. 1994).  If denial of sanitation or recreation resulted in some type of health risk, Plaintiff may have a cause of action, but he has not alleged this and a denial of regular showers or recreation for 31 days would not likely result in a health condition.

Finally, Plaintiff has no cause of action under 42 U.S. C. §1983 for Defendants' threats and alleged verbal abuse.  *See* Keenan v. Hall, 83 F3d 1083, 1092 (9th Cir. 1996) (assaultive comments by prison guard not enough to implicate the Eighth Amendment); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) (prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in deprivation of protected liberty interest);  Siglar v. Hightower, 112 F.3d 191, 193 (5 Cir. 1997) (verbal abuse not cognizable under 1983); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) (same), *cert. denied*, 485 U.S. 982 (1988) (same).  While it is not entirely clear, it appears that the Defendants named only threatened to hit him, but no actual force was used against him.

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the

3

relevant law.  If Plaintiff is able to file a second amended complaint, he must name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form.  Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation.  In civil rights cases, more than conclusory and vague allegations are required to state a cause of action.  *See*, *e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).  In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint."  Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints.  An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file the amended complaint in the Court and keep one identical copy for himself.  Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this order by **June 30, 2008.**

3.  **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**DONE AND ORDERED** this __16th__ day of June, 2008.

        *s/ A. KORNBLUM*
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**