IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SCOTT A. STANLEY,

      Plaintiff,

vs.                                         4:07CV240-RH/AK

BILL REAMS, et al,

      Defendants .

      _____/

## REPORT AND RECOMMENDATION

Plaintiff brings this cause pro se and pursuant to 42 U.S.C. §1983 alleging that two officers at Jefferson County Jail denied him his legal materials and a number of other privileges while he was housed there on several occasions awaiting state court proceedings. (Doc.26). Although he was advised twice previously that in order to state a claim for denial of access to the courts he must identify a particular instance where the defendants caused him actual harm, (docs. 23 and 25), Plaintiff has yet again failed to provide this information. See Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). Plaintiff was also asked to provide more information about the type of court proceeding that the defendants allegedly interfered with, but he has not come forth with this information either. See Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998) (no actual injury within the meaning of Lewis when a pre-trial detainee is represented by counsel).

Likewise, Plaintiff was previously advised that he has no right to "privileges" unless he can show that the denial of these caused some type of health risk.  See Rhodes v. Chapman, 452 U.S. 337 (1981) (Eighth Amendment requires only that prisoners be provided adequate food, clothing, and sanitation); Newman v. Alabama, 559 F.2d 283 (5th Cir. 1977), *rev'd in part on other grounds sub nom;* Alabama v. Pugh, 438 US 781 (1977); Caraball-Sandoval v. Honsted, 35 F.3d 521 (11th Cir. 1994) (no constitutional "right" to privileges).

Plaintiff was warned in the Court's last order (doc. 25) that it would be recommended that the complaint be dismissed if he did not provide more facts to support his claims.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint (doc. 26) be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Gainesville, Florida, this __6th__ day of January, 2009.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**