# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

SCOTT A. STANLEY,

      Plaintiff,

v.                                  CASE NO.  4:07cv240-RH/AK

BILL REAMS, et al.,

      Defendants.

_____/

## ORDER REMANDING CASE TO MAGISTRATE JUDGE

This matter is before the court on the magistrate judge's report and recommendation (document 27) and the objections (document 28).  I have reviewed *de novo* the issues raised by the objections.

The plaintiff is in state custody.  His second amended complaint is long on rhetoric and short on facts.  He seems to assert three claims.  The first is that he was placed in solitary confinement without a hearing and for no cause except that he allegedly had a mental illness requiring medication.  The second is that he was denied access to legal materials and a law library, resulting in the cancellation of a hearing in a state-court collateral-review proceeding and resulting further in his

inability to file a necessary paper prior to, and to present witnesses at, the rescheduled hearing in that proceeding.  The third is that he suffered "[p]hysical abuse" at the hands of a specific correctional officer.

The only relief the plaintiff seeks is an award of damages and costs.  He does not ask for injunctive relief.

The report and recommendation concludes that the second amended complaint should be dismissed for failure to plead sufficient facts.  I conclude that the allegations are sufficient, though just barely.  In future filings, the plaintiff would do well to make his allegations directly—as in the second paragraph of this order.

Finally, some additional notes.  The report and recommendation is correct that denial of access to legal materials is not actionable absent an impact on a case. The plaintiff's vague allegation on this score has survived dismissal, but it will not survive summary judgment without more information.  The vague allegation of "physical abuse" has survived dismissal, but it will not survive summary judgment without more information.  And there are limits—not addressed in or abrogated by this order—on a prisoner's ability to recover damages for mental of emotional injury.  *See* 42 U.S.C. § 1997e(e).

For these reasons,

IT IS ORDERED:

The report and recommendation is rejected.  The second amended complaint

is not dismissed.  The case is remanded to the magistrate judge for further

proceedings.

SO ORDERED on February 18, 2009.

<u>s/Robert L. Hinkle</u>
Chief United States District Judge