IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SCOTT A. STANLEY,

    Plaintiff,

vs.                                                 CASE NO. 4:07cv240-RH/AK

BILL REAMS, et al.,

    Defendants.

                                    /

## O R D E R

Defendants have filed a motion for summary judgment. (Doc. 47). This order is entered to advise Plaintiff of his burden in opposing summary judgment.

"[S]ummary judgment may not be entered against a party unless the court has strictly complied with the notice requirements mandated by Fed. R. Civ. P. 56(c)." Brown v. Shinbaum, 828 F.2d 707, 708 (11th Cir. 1987), *citing* Griffith v. Wainwright, 772 F.2d 822, 824-25 (11th Cir. 1985). This requires that the Court give express 10 day notice of the summary judgment rules, of the right to file affidavits or other material, and the consequences of default; *i.e.*, the fact that final judgment may be entered without a trial and that the moving party's evidence may be accepted as true if not contradicted by sworn affidavits. *Id.* This order is entered in compliance with Brown and Griffith.

Plaintiff is advised that in opposing the motion he is the nonmoving party, and as Plaintiff he bears the burden of proof. In this situation, Defendants need not negate Plaintiff's claim. Rather, the burden on a defendant moving for summary judgment is to

demonstrate an absence of evidence to support the plaintiff's case.  Celotex Corporation v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986).  In opposition, Plaintiff must come forward with **evidentiary material** demonstrating a genuine issue of fact for trial.  Reliance on the pleadings is inadequate. 477 U.S. at 324.  Evidentiary material which would be acceptable in opposition to the motion includes sworn affidavits, sworn documents, or other evidence indicating the existence of a genuine issue of material fact.  Fed. R. Civ. P. 56(e).  Sworn affidavits offered in opposition to the motion must be based on personal knowledge, set forth such facts as would be admissible into evidence, and affirmatively show that the affiant is competent to testify to the matters stated therein.  Fed. R. Civ. P. 56(e).

A Case Management Order was entered previously allowing a discovery period and a deadline for filing motions.  (Doc. 40).  After the summary judgment motion was filed, Plaintiff requested a subpoena for an audio recording from state court, which the court denied because the discovery period had expired and Plaintiff did not show good cause for allowing this late discovery.  It is not known whether any other discovery was served upon Defendants.

Further, Plaintiff did not explain how the audio recording was necessary in opposing the motion for summary judgment.   Plaintiff did not submit any evidentiary materials in support of his response to the motion which he filed on November 16, 2009. (Doc. 50).  Plaintiff did not submit a statement of facts.  See N.D. Fla. Loc. R. 56.1(A).

The Court will take the motion for summary judgment under advisement after December 18, 2009, and in due course depending on the motions which have been pending longer. If Plaintiff has evidentiary materials in accordance with this notice that

he wishes to attach to his response, he shall file them as Exhibits to his Response (doc. 50) on or before December 18, 2009.

Accordingly, it is **ORDERED:**

The parties are advised that the motion for summary judgment will be taken under advisement on **December 18, 2009,** and a report and recommendation will be entered after that date. Plaintiff must file any evidentiary materials he wishes the Court to consider with his response to the motion on or before that date.

**DONE AND ORDERED** this  *18*th  day of November, 2009.

                         *s/ A. KORNBLUM*
                         **ALLAN KORNBLUM**
                         **UNITED STATES MAGISTRATE JUDGE**